NO. 07-06-0357-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 6, 2007

_____

SECUNDINO ESTRADA A/K/A PINO DINO ESTRADA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 17,958-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Secundino Estrada a/k/a Pino Dino Estrada was convicted by a jury of aggravated assault in retaliation with an affirmative finding on use of a deadly weapon and sentenced to nine years confinement and a $2,500 fine. In challenging his conviction, Appellant presents two points of error by which he maintains the

trial court abused its discretion (1) by failing to give an instruction to the jury on assault, a lesser included offense, and (2) by denying the defense a mistrial after the State's prosecuting attorney gave improper final closing argument to the jury during the punishment phase. He maintains the trial court's action denied him due process and equal protection of the law. We reverse and remand.

Upon arriving home from work one afternoon, David Hughes heard a neighbor who lived a few houses away hollering about a fire. Hughes went to the burning house to assist and heard his neighbor, Erica Vasquez, accusing Appellant of setting the fire. Erica is Appellant's stepsister and mother of his two young children. Based on Erica's accusations, Hughes asked Appellant to "hang around a minute" and wait for law enforcement. According to Hughes, Appellant had a knife and threatened to cut him before fleeing.

Appellant was indicted for aggravated assault for intentionally and knowingly threatening Hughes with imminent bodily injury with a knife in retaliation against service by Hughes as a prospective witness. During the charge conference, defense counsel objected to the charge and requested an instruction on the lesser included offense of assault. The objection was overruled, and the request for an instruction was denied.

By its brief, the State acknowledges that the record contains some evidence raising the issue of the lesser-included offense of assault and that the requested instruction should have been submitted to the jury. *See Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App. 1993). *See also* Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006).

2

With commendable candor, the State concedes error in the trial court's refusal to include such an instruction and prays that Appellant's conviction be reversed and the cause remanded to the trial court for a new trial. Thus, we sustain Appellant's first point of error.

Finally, we pretermit consideration of Appellant's second point of error pertaining to improper jury argument.[1] While we are mindful of this contention, our disposition of Appellant's first point of error eliminates the necessity that we consider the second point.[2]

Accordingly, the trial court's judgment in trial court cause number 17,958-A is reversed and the cause is remanded for a new trial.

Patrick A. Pirtle
Justice

Do not publish.

---

[1]Appellant's second point of error was addressed by this Court in Appellant's appeal of his arson conviction in a companion case bearing cause number 07-06-0358-CR.

[2]Tex. R. App. P. 47.1.